IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RADIO SHACK CORPORATION, et al.,<br><br>Defendants. | Case No. 6:11-cv-488<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff EMG Technology, LLC ("EMG") alleges as follows for its complaint against Radio Shack Corporation, Ford Motor Company, Allstate Insurance Company, Aetna Inc., Avis Budget Group, Inc., Kohl's Department Stores Inc., Dick's Sporting Goods, Inc., T. Rowe Price Group, Inc., Liberty Mutual Group, Inc., Suntrust Banks, Inc., Metlife Insurance Company, and The Dun & Bradstreet Corporation. (collectively, "Defendants"):

## JURISDICTION AND VENUE

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq.

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over Defendants because Defendants have transacted and are transacting business in the Eastern District of Texas that includes, but is not limited to, the use and sale of products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. § 1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendants have done business and committed infringing acts and continue to do business and to commit infringing acts.

## PARTIES

5. EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California. EMG operates offices at 100 East Ferguson, Ste. 1200, Tyler, Texas 75702.

6. EMG is informed and believes, and on that basis alleges, that Defendant Radio Shack Corporation ("Radio Shack") is a corporation organized under the laws of the Delaware, with its principal place of business at 300 RadioShack Circle, Fort Worth, Texas 76102. EMG is further informed and believes, and on that basis alleges, that Radio Shack is in the business of providing technology products, accessories and services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on mobile devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.radioshack.com and http://m.radioshack.com. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Radio Shack has done and continues to do business in this judicial district.

7. EMG is informed and believes, and on that basis alleges, that Defendant Ford Motor Company ("Ford") is a corporation organized under the laws of the State of Delaware, with its principal place of business at One American Road, Dearborn, Michigan 48126. EMG is further informed and believes, and on that basis alleges, that Ford is in the business of manufacturing and selling automobiles and related products and services, and that a significant

portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on mobile devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.ford.com and http://m.ford.com.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Ford has done and continues to do business in this judicial district.

8.     EMG is informed and believes, and on that basis alleges, that Defendant The Allstate Insurance Company. ("Allstate") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.  EMG is further informed and believes, and on that basis alleges, that Allstate is in the business of providing insurance and related products and services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on mobile devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.allstate.com and http://m.allstate.com.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Allstate has done and continues to do business in this judicial district.

9.     EMG is informed and believes, and on that basis alleges, that Defendant Aetna, Inc. ("Aetna") is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business at 151 Farmington Avenue, Hartford, CT 06156.  EMG is further informed and believes, and on that basis alleges, that Aetna is in the business of providing health care, dental, pharmacy, group life, and disability insurance, and employee benefits, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on mobile devices and cellular phones capable of browsing the Internet using a small screen, located at

http://www.aetna.com and http://mobile.aetna.com. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Aetna has done and continues to do business in this judicial district.

10. EMG is informed and believes, and on that basis alleges, that Defendant Avis Budget Group, Inc. ("Budget") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 6 Sylvan Way, Parsippany, NJ 07054. EMG is further informed and believes, and on that basis alleges, that Budget is in the business of providing automobile rental products and services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on mobile devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.budget.com and http://m.budget.com.. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Budget has done and continues to do business in this judicial district.

11. EMG is informed and believes, and on that basis alleges, that Defendant Kohl's Department Stores Inc. ("Kohl's") is a corporation organized under the laws of the State of Wisconsin, with its principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin, 53051. EMG is further informed and believes, and on that basis alleges, that Kohl's is in the retail clothing and accessory business, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on mobile devices and cellular phones capable of browsing the Internet using a small screen, each located at http://www.kohls.com[1]. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Kohl's has done and continues to do business in this judicial district.

---

[1] When accessing the Kohl's website on a mobile device, a user will automatically be taken to the Kohl's mobile site.

12. EMG is informed and believes, and on that basis alleges, that Defendant Dick's Sporting Goods, Inc. ("Dick's") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 345 Court Street, Coraopolis, Pennsylvania 15108. EMG is further informed and believes, and on that basis alleges, that Dick's is in the business of providing retail sports equipment and apparel and related services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on mobile devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.dickssportinggoods.com, http://m.dickssportinggoods.com, http://www.golfgalaxy.com and http://m.golfgalaxy.com. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Dick's has done and continues to do business in this judicial district.

13. EMG is informed and believes, and on that basis alleges, that Defendant T. Rowe Price Group, Inc. ("TROW"), is a corporation organized under the laws of the State of Maryland, with its principal place of business at 100 East Pratt Street, Baltimore, Maryland 21202. EMG is further informed and believes, and on that basis alleges, that TROW is in the business of providing financial products and services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on mobile devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.troweprice.com and http://m.troweprice.com. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, TROW has done and continues to do business in this judicial district.

14.     EMG is informed and believes, and on that basis alleges, that Defendant Liberty Mutual Group, Inc. ("Liberty Mutual") is a corporation organized under the laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.  EMG is further informed and believes, and on that basis alleges, that Liberty Mutual is in the business of providing insurance and related products and services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.libertymutual.com and http://mobile.libertymutual.com.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Liberty Mutual has done and continues to do business in this judicial district.

15.     EMG is informed and believes, and on that basis alleges, that Defendant SunTrust Banks, Inc. ("SunTrust") is a corporation organized under the laws of the State of Georgia, with its principal place of business at 303 Peachtree St., N.E., Atlanta, Georgia 30308.  EMG is further informed and believes, and on that basis alleges, that SunTrust is in the business of providing financial products and services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on mobile devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.suntrust.com and http://m.suntrust.com.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, SunTrust has done and continues to do business in this judicial district.

16.     EMG is informed and believes, and on that basis alleges, that Defendant Metlife Insurance Company ("MetLife") is a corporation organized under the laws of the State of

Delaware, with its principal place of business at 200 Park Avenue, New York, New York, 10166. EMG is further informed and believes, and on that basis alleges, that MetLife is in the business of providing provider of insurance, annuities and employee benefit programs, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on mobile devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.metlife.com and http://m.metlife.com. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, MetLife has done and continues to do business in this judicial district.

17. EMG is informed and believes, and on that basis alleges, that Defendant The Dun & Bradstreet Corporation ("DNB") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 103 JFK Parkway, Short Hills, NJ, 07078. EMG is further informed and believes, and on that basis alleges, that DNB is in the business of providing commercial information and insight on businesses as well as related products and services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on mobile devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.dnb.com and http://m.dnb.com. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, DNB has done and continues to do business in this judicial district.

**PATENTS**

18. United States Patent No. 7,441,196 entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling

Internet Content" was duly and legally issued on October 21, 2008. A true and correct copy of U.S. Patent No. 7,441,196 is attached hereto as Exhibit "A" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to U.S. Patent No. 7,441,196, including all rights to enforce U.S. Patent No. 7,441,196 and to recover for infringement. U.S. Patent No. 7,441,196 is valid and in force.

19. Following a reexamination of Patent No. 7,441,196, the United States Patent and Trademark Office issued an Inter Partes Reexamination Certificate, Number US 7,441,196 C1, on September 6, 2011. A true and correct copy of Inter Partes Reexamination Certificate, Number US 7,441,196 C1 is attached hereto as Exhibit "B" and incorporated herein by this reference. (United States Patent No. 7,441,196, together with Inter Partes Reexamination Certificate, Number US 7,441,196 C1, shall hereinafter be referred to as the "'196 Patent.").

20. United States Patent No. 7,020,845 (the "'845 Patent") entitled "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control" was duly and legally issued on March 28, 2006. A true and correct copy of the '845 Patent is attached hereto as Exhibit "C" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '845 Patent, including all rights to enforce the '845 Patent and to recover for infringement. The '845 Patent is valid and in force.

**FIRST CLAIM FOR RELIEF**

**Infringement of the '196 Patent**

**(Against All Defendants)**

21. EMG refers to and incorporates herein by reference paragraphs 1-20.

22. Defendants, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, have in the past, do now, and continue to infringe the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

23. By reason of the acts of Defendants alleged herein, EMG has suffered damage in an amount to be proved at trial.

24. Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

## SECOND CLAIM FOR RELIEF

### Infringement of the '845 Patent

### (Against All Defendants)

25. EMG refers to and incorporates herein by reference paragraphs 1-24.

26. Defendants, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, have in the past, do now, and continue to infringe the '845 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

27. By reason of the acts of Defendants alleged herein, EMG has suffered damage in an amount to be proved at trial.

28. Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

## JURY DEMAND

29. EMG demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EMG prays for relief as follows:

A. For an order finding that the '196 Patent is valid and enforceable;

B. For an order finding that the '845 Patent is valid and enforceable;

C. For an order finding that Defendants have infringed the '196 Patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

D. For an order finding that Defendants have infringed the '845 Patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. §271;

E. For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the '196 Patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

F. For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the '845 Patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

G. For an order directing Defendants to file with the Court, and serve upon EMG's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which they have complied with the injunction;

H. For an order awarding EMG general and/or specific damages adequate to compensate EMG for Defendants' infringement, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendants' profits or gains of any kind from their acts of patent infringement;

I. For an order awarding EMG pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

J. For an order requiring an accounting of the damages to which EMG is found to be entitled;

K. For an order awarding enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Defendants' infringement;

L. For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding EMG its attorneys' fees;

M. For an order awarding EMG its costs of court; and

N. For an order awarding EMG such other and further relief as the Court deems just and proper.

DATED:  January 6, 2012

**OF COUNSEL:**

Jeffer Mangels Butler and Mitchell, LLP

    Stanley M. Gibson
    (Cal. Bar No. 162329)
    *smg@jmbm.com*

    Gregory S. Cordrey
    (Cal. Bar No. 190144)
    *gxc@jmbm.com*

1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Respectfully Submitted,

By: /s/Charles Ainsworth

Charles Ainsworth
State Bar No.  00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

ATTORNEYS FOR PLAINTIFF EMG TECHNOLOGY, LLC

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that on January 6, 2012, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service.

    /s/Charles Ainsworth
    Charles Ainsworth

LA 8481704v1